In the matter of the annual return of JOHN J. JONES, executor, of Seaborn A. Jones, deceased, on commission, &c.

An executor of an executor is entitled to commissions on pecuniary legacies paid out under the will of the first testator, commissions to be retained out of the fund due to the legatees; but he is not entitled to commissions from the estate of his immediate testator, on the hypothesis that the amount was due as a debt from his estate to the former estate, unless it appears that the last testator claimed the fund adversely to the legatees, under the first will. That the money and notes of the two estates were so commingled, that they could not be distinguished, makes no odds, if the deceased executor had charged himself with them, which he must be presumed to have done, if the contrary does not appear.

Appeal from Burke county. Decided by Judge HOLT, May Term, 1858.

This cause (which was an *ex parte* proceeding,) came up upon the following circumstances:

Abraham Jones dies testate, leaving his property to A. B.

& C., appoints Seaborn Augustus Jones, executor. He qualli-
fies as executor. Divides all the property under the will of
said Abraham, between A. B. & C., except the money, and
dies before he pays over to A. B. & C. the money due them.
Said Seaborn Augustus at his death, leaves a will appoint-
ing John J. Jones and others, executors. Upon examina-
tion by J. J. Jones, executor, he finds that his testator S. A.
Jones, had so mingled the assets of said Abraham, deceased,
with his own, that the money and notes of said Abraham
could not be identified. J. J. Jones, executor, in his inven-
tory and schedule, returns all the notes and money found in the
possession of the said Seaborn A. at his death to the Ordina-
ry, as the property of the said Seaborn A. Upon a regular
statement made up (from reliable data,) it is found that the
estate of S. A. Jones owes the estate of Abraham Jones the
sum of $39,788 64, which was the amount due A. B. & C.
under the will of the said Abraham and which had not been
turned over to them by S. A. Jones, executor, before his
death. J. J. Jones, who by law is executor of Abraham
Jones, paid off said sum of $39,788 64 to A. B. & C., less
two and a half per cent. commission on the same. J. J.
Jones when he comes to make his annual return, makes two
returns, one on the estate of Abraham Jones in which he re-
serves the two and a half per cent. commissions on the $39,-
788 64 paid to A. B. & C. Also one on the estate of S. A.
Jones, in which he charges the estate of S. A. Jones two and
a half per cent. commission for paying out this amount
($39,788 64) to A. B. & C. for the estate of Abraham Jones;
inasmuch as it is a debt, due from the estate of S. A. Jones
to the estate of Abraham Jones, and stands on the same
footing as any other debt due by said S. A. Jones at the time
of his death. At the October Term, 1857, of the Court of
Ordinary of Burke county, (being the first Court held after
filing of said returns,) J. J. Jones executor, moved an order
before said Ordinary "confirming said annual returns as
correct and making them the judgment of the Court" (a

copy of which order will appear in the transcript of the record of this cause.)

The Ordinary refused to grant this order on the ground that said executor was not entitled to charge the estate of S. A. Jones two and a half per cent. commission, for paying the estate of Abraham Jones the $39,788 64, for the purpose of settling off with A. B. & C. as he had reserved commission on said amount, in paying off A. B. & C. From which decision said executor takes an appeal. His Honor Judge Holt, after hearing argument upon the foregoing statement of facts, sustained the decision of the Ordinary and passed the following order:

" On hearing argument, this Court affirms the judgment of the Ordinary and dismisses the appeal. Let the order be certified to the Court of Ordinary and the case remanded ;" and the executor by his counsel excepted.

The presiding Judge of the Court below certified the bill of exceptions, with the following note:

" But as this case was heard *ex parte* and will probably be so presented to the Supreme Court, it is proper to add, that it was stated, that Seaborn A. Jones had been allowed as the executor of Abraham Jones, two and a half per cent. commissions for receiving this same fund, for the paying out of which John J. Jones, as the executor of Abraham Jones, charged and was allowed two and a half per cent. commissions. The Court therefore held, that it never was a part of the estate of Seaborn A. Jones, and that no irregularity of accounts, commingling of assets or return of the executor of Seaborn A. Jones could make it such. That it was not a debt due from Seaborn A. Jones to the estate of Abraham Jones, but assets of his estate in the hands of his executor, and that John Jones held precisely the same relation to the estate of Abraham Jones, that Seaborn A. Jones had held.

11th May, 1858.

(Signed,)        WM. W. HOLT, Judge."

Jones & Sturges, appeared for the executor.

*By the Court.*—McDONALD, J. delivering the opinion.

The plaintiff in error claims two and a half per centum commissions on the sum of 39,788 64-100 paid by him to certain legatees, under the will of Abraham Jones, of which he became executor by operation of law, Seaborn Augustus Jones, the executor of Abraham Jones' will, having appointed him executor of his will. He had retained two and a half per centum on this same sum, as an amount due him by the legatees under the will of Abraham Jones, as commissions, for paying to them their money under that will. These commissions did not diminish the estate of Abraham Jones, for it was retained from the amount of the legacies, and reduced them by that amount. He now claims two and a half per centum commissions on the same sum, as a debt due by the estate of Seaborn Augustus Jones, to the estate of Abraham Jones. Was it a *debt*, or was the amount a trust fund in the hands of S. A. Jones, to be held under the will of which he was executor, to be paid out whenever the persons to whom it belonged had a right to demand its payment? If the former the plaintiff in error is entitled to the commissions; if the latter he is not. If Seaborn Augustus Jones admitted the trust, and did not claim the fund as his own, in hostility to the legatees under the will of Abraham Jones, or refused to pay when he ought to have paid, he was not an individual debtor, nor a trustee guilty of a breach of trust. He was not a debtor at the time of his death to the estate of Abraham Jones, according to this record. It does not so appear in the record. It seems that there were reliable data from which a regular statement of the amount due the legatees under Abraham Jones' will, from funds in the hands of his executor S. A. Jones, could be made up, and that it was made up, and the amount was paid directly to the legatees. It does not appear in the record what these data were. If Seaborn Augustus Jones made regular returns to the Ordi-

nary of his actings and doings as executor of the will of Abraham Jones, charging himself with the entire estate which came to his hands and crediting himself with all disbursements, which must be presumed, as the contrary does not appear, those returns must have been the reliable data referred to, and perhaps the only reliable data which would *fully* justify the plaintiff in error, as the executor of Seaborn Augustus Jones' will, in paying that sum to the legatees under Abraham Jones' will; and that payment when made by him and returned to the Ordinary, would pass as a credit of the estate of Seaborn A. Jones, on *his* returns as executor of Abraham Jones, and not as a charge against his executor, the plaintiff in error. The record shows that the plaintiff in error paid the money directly to the legatees under the will of Abraham Jones, and that for that payment he retained the lawful commissions in his returns as executor of Abraham Jones.

His executorship of Abraham Jones' will, was but a continuation of the executorship of his immediate testator, and all disbursements made by him on account of that estate, went to the credit of the executorship of Seaborn A. Jones. But the plaintiff in error claims that he is entitled to commissions, from Seaborn Augustus Jones' assets, because the money and notes of the estates were so mingled together that he could not distinguish them, and on that account he returned them all as the property of Seaborn Augustus Jones, and that the amount due to the legatees of Abraham Jones, became a debt from the estate of S. A. Jones to that of Abraham Jones. That does not necessarily follow, but conceding it, then the plaintiff in error, to entitle himself to commissions, must have paid that debt, and charged himself as executor of Abraham Jones, with the amount. He did not do that, or, if he did, it does not appear in the record. The payment of the legatees was direct to them from assets found, in the possession of Seaborn Augustus Jones, and it enured as a credit, to the benefit of the estate of Seaborn Augustus

Jones, as a disbursement of effects with which he had charged himself as executor. It does not appear that the plaintiff in error had charged himself with any thing as executor of the will of Abraham Jones. If he be not so charged, there can be no evidence of record of the payment of the money to him as executor of Abraham Jones' will, and without such evidence, he is not entitled to commissions. It is not necessary, though perhaps it is best, for an executor or administrator, to keep the money and notes of his testator or intestate separate from his own. If he charges himself honestly, with everything which comes to his hands, he is bound to account for all, in whatever manner kept by him, and in case of his death, his executor cannot charge commissions against his estate as for a debt, for turning or paying over the amount thus in his hands, when it is not disputed but the amount was in his hands as a trust fund.

If an executor charge himself with money and assets, in his returns, and he die in possession of money and assets, the money and assets must be presumed to be the money and assets of the estate of which he was executor, to the extent to which he has charged himself.

If the plaintiff in error felt bound to embrace in his inventory and schedule all the money and notes found in the possession of Seaborn Augustus Jones at the time of his death, as the money and notes of the said Seaborn Augustus Jones, it was unquestionably a good discharge to pay to the legatees under Abraham Jones' will, money and notes, to the extent to which his testator had charged himself as executor of that estate.

If that be so, there was no necessity for considering the amount as a debt due to the estate of Abraham Jones. It might, with much propriety be considered, as a debt due to the *cestui que trusts.*

The judgment of the Court below must be affirmed.

Judgment affirmed.